1218196

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HOPE HENRY

VS.                                                                                          CA NO:

MORETTI & PERLOW LAW OFFICE As
Administrator for the MORETTI & PERLOW
LONG TERM DISABILITY PLAN and
UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK

## COMPLAINT IN CIVIL ACTION

NOW COMES the Plaintiff, Hope Henry by her attorneys, Mark B. Morse, and sets forth the following:

## JURISDICTION AND VENUE

Plaintiff brings this action to recovery damages and for equitable relief under the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq., and particularly Section 510 (20 U.S.C. 1140), 20 U.S.C. 1104 *et seq.*, and all other applicable provisions of the Act to redress the termination of her Long-Term Disability Benefits, which was done pretextually and with the purpose of interfering with a right to which she was entitled under an employee benefit plan.

## THE PARTIES

1. Plaintiff is a citizen of the United States of America and resides at 73 Roberta Avenue

Woonsocket, RI 02855.  At all times material hereto, Plaintiff has been an employee of Moretti & Perlow Law Office. (hereinafter the Employer) since in or about April 20, 2002, most recently as a legal secretary/paralegal.

2. The Employer has a principal place of business at  1070 Reservoir Avenue, Cranston 02910, and  is a partnership authorized to do business in the State of Rhode Island  as a law office.

3.  The Employer is an  employer within the meaning of ERISA.

4. The Employer maintains an employee benefit plan known as the MORETTI & PERLOW LONG TERM DISABILITY PLAN; (herein  the Plan) and MORETTI & PERLOW is the plan sponsor of the Plan within the meaning of ERISA.

5.  Defendant MORETTI & PERLOW; (herein Plan Administrator), is a partnership which serves as the Plan Administrator of the Plan within the meaning of ERISA.

6. Defendant UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK  (hereinafter US Life ) is a corporation engaged in the business of insurance with a principal place of business in New York, New York, and which is authorized to do business in the State of Rhode Island.

**FACTUAL ALLEGATIONS**

7. At all times material hereto, the Employer and the Plan Administrator caused US Life to have issued to the Employer a policy of group disability insurance for certain of the Employer's employees, including Plaintiff.

8. Pursuant to the terms and conditions of the aforesaid policy, Plaintiff was an insured under said policy.

9. The Plan Administrator administers the Plan through the aforesaid policy purchased from US Life.

10. By virtue of the relationship by and among the Employer, the Plan Administrator and US Life jointly administer the Plan.

11. The Plan is an employee benefit plan within the meaning of ERISA, and 29 U.S.C. '1002(4), 29 U.S.C. § 1104 et seq., and 29 U.S.C. § 1140.

12. On or about May 12, 2006, Plaintiff sustained substantial injuries.

13. Since on or about May 12, 2006 Plaintiff has been unable to perform the substantial duties of her job or from any substantial and gainful employment.

14. Since May 12, 2006, Plaintiff has been diagnosed with various debilitating injuries and illnesses, including, carpal tunnel disease, fibromyalgia , depression, sleep impairment, cognitive dysfunction, and epigastric impairment.

15. As a result of her injuries and illnesses, since on or about May 12, 2006, Plaintiff has been, and continues to be, disabled within the meaning of the Plan.

16. Commencing on or about November 8, 2006, following the applicable elimination period, Plaintiff was entitled to Long-Term Disability Benefits.

17. On or about January 24, 2018, the Plan Administrator, and US Life, discontinued Plaintiff's disability benefits, even though she remained disabled within the meaning of the Plan.

18. Plaintiff filed a timely appeal of the termination of her benefits in accordance with the Plan requirements and instructions in the initial letter of denial.

19. On or about September 3, 2015, the Plan Administrator and US Life terminated benefits.  Plaintiff timely filed an appeal regarding the denial of benefits, however, and on or about February 3 2016 the Plan Administrator and US Life sustained Plaintiff's appeal.

20. On or about January 24, 2018, the Plan Administrator and US Life again terminated benefits.

21.  Plaintiff timely filed an appeal regarding the denial of benefits, however, on or about August 9, 2018 the Plan Administrator and US Life denied Plaintiff's appeal.

22.   There was, and is, no legal or factual basis for denial of the claims presented by Plaintiff.

23. Plaintiff has complied with all requirements of the administrative claims procedures as set forth in the Plan.

24.  Plaintiff met all of the conditions and qualifications for payment of Long-Term Disability Benefits and is entitled to receive and Defendants obligated to pay same.

25. Defendants have failed to keep their agreements and promises by refusing to pay Long-Term Disability Benefits under the group disability policy and the Plan, and in so doing have breached same.

26. Plaintiff is totally disabled as defined under the terms of the Plan, and is entitled to Long Term Disability Benefits pursuant to the Plan.

## COUNT I
## (ERISA VIOLATION, 29 U.S.C.§1001 ET SEQ.)

26. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 25, inclusive, as if more fully set forth herein.

27. The Plan Administrator and US Life owe the obligation to completely, fairly and accurately evaluate and process all claims and pay those claims in a non arbitrary and capricious manner.

28. Since on or about January 24, 2018, Plaintiff has been entitled to Long-Term Disability Benefits under the terms of the Plan.

29. The Plan Administrator and US Life terminated Plaintiff's benefits and have refused to pay Plaintiff's benefits in violation of the written provisions of the Plan.

30. The denial of Plaintiff's disability benefits by the Plan Administrator and US Life constitute a purposeful and arbitrary and capricious interference with Plaintiff's right to benefits under the employee benefit plan.

31. US Life has acted under an inherent conflict of interest in both funding and administering benefits under the Plan.

32. By virtue of the actions of the Plan Administrator and US Life, the defendants have breached their fiduciary obligations.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

## COUNT II
### (BREACH OF CONTRACT)

33. Plaintiff incorporates by reference the allegations set forth above in Paragraphs 1 through 32, inclusive, as if more fully set forth herein.

34. By and through its practices, writings and oral assurances, upon which Plaintiff relied and for which she gave adequate consideration by continuing to work, the Plan Administrator and US Life created a contract with the Plaintiff.

35. Said contract was a contract to provide certain disability benefits should Plaintiff ever became disabled.

36. In refusing to pay Plaintiff's Long-Term Disability Benefits, the Plan Administrator and Sun Life Assurance have breached the contract with Plaintiff causing her to suffer lost benefits under the contract.

WHEREFORE, Plaintiff requests that this Court exercise jurisdiction over her claims and award:

(A) Full Legal and equitable relief under ERISA, including Long-Term Disability Benefits and prejudgment interest;

(B) Compensatory damages;

(C) Attorney's fee and costs of this action; and

(D) Such other relief as the law and equity will allow.

Plaintiff
By her Attorneys,
Law Office of Mark B. Morse, LLC

/s/ Mark B. Morse

_____
Mark B. Morse
RI Bar Reg No 3003
420 Angell Street
Providence, RI 02906
(401) 831-0555
fax (401) 273-0937
email: mark@morselawoffice.com